# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

VIRGINIA L. PEREZ-MATTERSON,  )
        Plaintiff,  )
        v.  )    Case No. 10-2192
KRISTIN FREYALDENHOVEN, M.D., et al.,  )
        Defendants.  )

## MEMORANDUM AND ORDER

Plaintiff Virginia L. Perez-Matterson filed a Complaint (doc. 1) against defendants on April 12, 2010. On August 24, 2010, the Court issued a Notice and Order to Show Cause (doc. 4), ordering plaintiff to show good cause in writing on or before September 10, 2010 why service of the summons and complaint has not been made upon defendants Kristin Freyaldenhoven, M.D.; Lowe, Hoehn, Jurani & Freyaldenhoven, M.D.'s, Chtd.; and Saint Luke's South Hospital.

Rule 4(m) provides in relevant part that

> [i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Fed. R. Civ. P. 4(m).* In determining whether to dismiss the action or grant an extension of time for service, the courts engage in a two-step inquiry. *See Espinoza*

*v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). First, a court must decide whether the plaintiff has demonstrated good cause for its failure to effect timely service on the defendants. *See id.* If the plaintiff has shown good cause, the court must grant an extension of time. *See id.* If the plaintiff fails to demonstrate good cause, however, the court must decide whether to exercise its discretion to dismiss the case or to extend the time for service. *See id.*

"[T]he 'good cause' provision of Rule [4(m)] should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule. *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994); *see also In re Kirkland*, 86 F.3d 172, 174 (10th Cir. 1996) (Tenth Circuit has interpreted "good cause" narrowly). This "good cause" standard requires a showing greater than "excusable neglect." *See Kirkland*, 86 F.3d at 175. Simple inadvertence or ignorance of the rules does not suffice. *See id.* at 174.

Here, plaintiff has not offered any legal basis or authority to support a finding of good cause that would require this Court to grant an extension of time. Plaintiff offers only that her medical expert has been unavoidably delayed in providing an affidavit of medical opinion. Such an affidavit is not required to effect service on defendants. Accordingly, plaintiff has not shown good cause under Rule 4(m) for her failure to effect timely service, and the Court is not required to grant the requested extension.

Nonetheless, in light of plaintiff's representation that she will serve defendants

2

in the near future, the court will exercise its discretion under Rule 4(m) and grant plaintiff an extension of the original deadline for service. Accordingly, the Court orders that service must be made on defendants by December 7, 2010. The Court does not contemplate any further extensions of this deadline based on the record made by the plaintiff to this point.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff is granted an extension of time to serve process on defendants Kristin Freyaldenhoven, M.D.; Lowe, Hoehn, Jurani & Freyaldenhoven, M.D's, Chtd.; and Saint Luke's South Hospital until December 7, 2010.

**IT IS SO ORDERED** this 9th day of September, 2010.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
